UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

DANIEL CHOI,

                Plaintiff,

-against-

BENEFIT HOLDINGS LLC and ALBERT HONG.

                Defendants,

Case No.:

**COMPLAINT**

Plaintiff, DANIEL CHOI, by his attorneys, upon personal knowledge as to themselves and upon information and belief as to all other matters, complaining of Defendants, BENEFIT HOLDINGS LLC and ALBERT HONG (collectively "Defendants") alleges:

1. **NATURE OF THE ACTION**

   1. This is a wage and hour action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

2. **JURISDICTION AND VENUE**

   2. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

   3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. **PARTIES**

   **3.1. Plaintiffs**

   4. Plaintiff DANIEL CHOI is a resident of Queens County.

   5. Plaintiff DANIEL CHOI was employed by each Defendant from August 1, 2023 to January 4, 2024.

1

6. Plaintiff DANIEL CHOI worked as the Northeast Regional Sales Manager performing the management of all distribution and sales channels and acting as an exclusive independent sales agent within the Northeast region of the United States, for each Defendant.

**3.2. Defendants**

7. Defendants own, operate, control, and manage BENEFIT BRAND MANAGEMENT through BENEFIT HOLDINGS LLC.

8. BENEFIT BRAND MANAGEMENT maintains the business phone number: (909) 524-7556.

9. BENEFIT BRAND MANAGEMENT maintains the business email address: albert@benefitcpg.com.

10. BENEFIT BRAND MANAGEMENT operate a food and beverage brand management company.

11. BENEFIT BRAND MANAGEMENT has approximately sixteen (16) employees at this specific office.

12. Plaintiff DANIEL CHOI worked at the following location: 1270 Broadway Suite 602, New York, NY 10001.

**3.2.1. Corporate Defendants**

13. Defendant BENEFIT HOLDINGS LLC, a Limited Liability Company organized under the laws of California, with its principal place of business at 1508 Foothill Boulevard, La Verne, CA 91750.

14. The Chief Executive Officer's Name of Defendant BENEFIT HOLDINGS LLC is ALBERT HONG.

15. The principal executive office address of Defendant BENEFIT HOLDINGS LLC is 1508 Foothill Boulevard, La Verne, CA 91750.

16.     The Registered agent of service of Defendant BENEFIT HOLDINGS LLC is WILLIAM CHO.

17.     Defendant BENEFIT HOLDINGS LLC exercised control over the employment terms and conditions of Plaintiff at BENEFIT BRAND MANAGEMENT. Defendant BENEFIT HOLDINGS LLC had and exercised the power and authority to (and also delegates to managers and supervisors the power to) hire and fire, determine rate and method of pay, supervised, determine work schedules, maintained payroll records, and otherwise affect the quality of employment of Plaintiff. At all relevant times, Defendant BENEFIT HOLDINGS LLC had and exercised functional control over the business, financial, and employment operations of the above Corporate Defendants and ensured that the business is operating efficiently and profitably.

### 3.2.2. Individual Defendants

18.     Defendant ALBERT HONG is the Executive Managing Partner of BENEFIT BRAND MANAGEMENT.

19.     Defendant ALBERT HONG is the Executive Director of BENEFIT HOLDINGS LLC.

20.     Defendant ALBERT HONG exercised control over the employment terms and conditions of Plaintiff. Defendant ALBERT HONG had and exercised the power and authority to (and also delegates to managers and supervisors the power to) hire and fire, determine rate and method of pay, supervised, determine work schedules, maintained payroll records, and otherwise affect the quality of employment of Plaintiff. At all relevant times, Defendant ALBERT HONG had and exercised functional control over the business, financial, and employment operations of the above Corporate Defendants and ensured that the business is operating efficiently and profitably.

4. **FACTUAL ALLEGATIONS**

   4.1. **Defendants' Enterprise**

   21. At all relevant times, each Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and the regulations thereunder.

   22. Defendant's employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

   23. In each of the three years preceding the filing of this Complaint, Defendants' annual gross volume of sales exceeded $500,000.

   24. Defendants engaged in related activities through unified operation, performed related activities through common control of Defendants, common officers and common business functions, and common employees for a common business purpose.

   4.2. **Wage and Hour Violations as to Plaintiff DANIEL CHOI**

   25. Plaintiff DANIEL CHOI held the following ostensible job title at Defendants' business: Northeast Regional Sales Manager.

   26. Plaintiff DANIEL CHOI worked as a sales representative and broker for cold-pressed juice, purple tea, and organic energy drinks.

   27. Plaintiff DANIEL CHOI began working under Defendants on or about August 1, 2023.

   28. Plaintiff DANIEL CHOI was hired by Defendant ALBERT HONG.

   29. The superiors of Plaintiff DANIEL CHOI included Defendant ALBERT HONG.

   30. Plaintiff DANIEL CHOI was supervised by Defendant ALBERT HONG.

   31. Wages of Plaintiff DANIEL CHOI were paid by Defendant ALBERT HONG.

32. Plaintiff DANIEL CHOI worked at the following worksite: 1270 Broadway, Suite 602, New York, NY 10001.

33. Plaintiff DANIEL CHOI's final day of employment under any of the Defendants was on or about January 4, 2024.

34. From approximately August 1, 2023 to January 4, 2024 Plaintiff DANIEL CHOI was paid approximately $ 5,800 per month.

35. From approximately the August 1, 2023 to the end of October 2023 Plaintiff DANIEL CHOI worked the following approximate schedule: five (5) days per week, beginning and ending at varying hours, for a total of fifty (50) and occasionally sixty (60) hours per week.

36. From approximately the end of October 2023 to January 4, 2024 Plaintiff DANIEL CHOI worked the following approximate schedule: five (5) days per week, beginning and ending at varying hours, for a total of forty (40) per week.

37. Plaintiff worked as a 'clerical or other worker' as defined in Section 190(7) of the New York Labor Law.

38. Plaintiff was not compensated on a semi-monthly basis.

39. Instead, Plaintiff was paid every month; sometimes, Defendants compensated Plaintiff every 7 weeks.

40. On or about January 2024, Plaintiff DANIEL CHOI repeatedly complained to ALBERT HONG about not being paid his wages and said he planned to get legal help to resolve the issue.

41. After Plaintiff DANIEL CHOI indicated his intention to seek legal remedies, Defendant ALBERT HONG retaliated by terminating his employment

**4.3. Defendants' Payroll Recordkeeping Practices.**

42. Defendants did not keep accurate records of the number of hours worked each day by Plaintiff.

43. Defendants did not keep accurate records of the number of hours worked each week by Plaintiff.

44. Defendants did not keep accurate records of the time of arrival and departure of Plaintiff for each work shift.

45. Defendants did not keep accurate records of the regular wages earned by Plaintiff.

46. Defendants did not keep accurate records of overtime wages earned by Plaintiff.

47. Plaintiff was not given wage statements with each payment of wages as required by the NYLL.

48. Plaintiff was not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

49. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

50. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendants'

6

failure goes beyond generating a risk of harm to Plaintiff. Defendants' conduct actually harmed Plaintiff. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff's rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

51. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

**5. CAUSES OF ACTION**

    **5.1. Violations of the Fair Labor Standards Act**

52. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

54. At all relevant times, each Defendant was an "employer" as defined in 29 U.S.C. § 203.

55. At all relevant times, Plaintiff was an "employee" as defined in 29 U.S.C. § 203.

56. At all relevant times, each Defendant was engaged in commerce or in the production of goods or commerce as defined in 29 U.S.C. § 203, 206 and 207.

57. Plaintiff is a covered individual within the meaning of the FLSA under 29 U.S.C. § 203, 206 and 207.

58. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

59. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

60. Plaintiff was not paid overtime as required under 29 U.S.C. § 207.

61. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Each Defendant's unlawful conduct has been willful and intentional. Each Defendant knew or should have known that the practices described in this Complaint were unlawful. Each Defendant did not make a good faith effort to comply with the FLSA with respect to compensating Plaintiff.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

64. As a result of each violation of the FLSA, Plaintiff suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

65. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**5.2. <u>Violations of New York Labor Law</u>**

66. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2, 650, and 651 et seq. and the supporting New York State Department of Labor Regulations.

68. Each Defendant knowingly and willfully violated Plaintiff's rights by failing to pay all lawful wages for all hours worked.

69. Each Defendant knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times Plaintiff's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

70. Plaintiff was not timely paid agreed-upon wages and/or commissions as required under the New York Labor Law and implementing regulations.

71. Plaintiff is a "clerical or other worker" under New York Labor Law § 191(1)(d). Each Defendant violated New York Labor Law § 191(1)(d) by paying Plaintiff less frequently than on a semi-monthly basis.

72. Each Defendant did not provide Plaintiff with a document or written statement accurately accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

73. Upon information and belief, this was done in order to disguise the actual number of hours Plaintiffs worked, and to avoid paying for their full hours worked, and overtime due.

74. Each Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

75. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants all unpaid wages, interest, attorney's fees, costs, and disbursements of this action, pursuant to New York Labor Law § 663(1) et al. and § 198.

**5.3. <u>Violations of New York State Wage Theft Prevention Act</u>**

76. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

9

77. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

78. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

79. Plaintiff was not provided with a wage notice, or weekly statements as required by law.

80. Each Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs under New York Labor Law § 195(1), 195(3), and 198.

**5.4. Fair Labor Standards Act - Retaliation**

81. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82. Plaintiff sought to enforce his rights under the FLSA.

83. Plaintiff engaged in protected activity under 29 USC § 215(a)(3).

84. In response to Plaintiff engaging in protected conduct under the FLSA, Plaintiff suffered retaliation by Defendants.

85. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

86. Each Defendant retaliated against Plaintiff, as alleged herein, to intimidate and to otherwise interfere with attempts to protect rights under the FLSA.

87. By engaging in the retaliatory acts alleged herein, each Defendant retaliated against Plaintiff, discriminated against, and penalized Plaintiff in violation of the FLSA, 29 USC § 215(a)(3).

88. Plaintiff suffered damages, including, but not limited to emotional distress damages and lost wages as a result of each Defendant's retaliation.

89. Each Defendant subjected Plaintiff to such retaliation that altered the terms and conditions of employment.

90. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

**5.5. <u>New York Labor Law - Retaliation</u>**

91. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92. Each Defendant willfully violated NYLL § 215, which states, "no employer or his agent… shall discharge, penalize or in any other manner discriminate against any employee because such employee has … caused to be instituted a proceeding."

93. Plaintiff attempted to enforce their rights under the NYLL.

94. Plaintiff's actions are protected activity under NYLL § 215.

95. In response to Plaintiff engaging in protected conduct under the NYLL, each Defendant retaliated against them.

96. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

97. Each Defendant retaliated against Plaintiff, as alleged herein, to harass and intimidate and to otherwise interfere with attempts to vindicate rights under the NYLL.

98. By engaging in the retaliatory acts alleged herein, each Defendant retaliated against Plaintiff, discriminated against, and penalized Plaintiff in violation of NYLL § 215.

99. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of each Defendant's retaliation.

100. Each Defendant subjected Plaintiff to such retaliation that altered the terms and conditions of employment.

101. Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

102. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

## 6. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully requests that the Court grant the following relief:

103. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL;

    a. Award Plaintiff damages for all unpaid wages, including overtime compensation, liquidated damages, prejudgment interest, and any other relief permitted under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.;

    b. Grant Plaintiff all unpaid wages, liquidated damages, interest, and damages as a result of violations of the New York Labor Law, including but not limited to New York Labor Law §§ 2, 650, 651, and 663(1) et al.;

    c. Award Plaintiff civil penalties, attorneys' fees, and costs for violations of the New York State Wage Theft Prevention Act, under New York Labor Law § 195(1), 195(3), and 198;

    d. Award Plaintiff equitable relief, monetary damages, including compensatory and punitive damages, for retaliation under the FLSA, 29 U.S.C. § 215(a)(3);

  e. Award Plaintiff equitable relief, monetary damages, including compensatory and punitive damages, and reasonable attorneys' fees and costs for retaliation under the New York Labor Law § 215;

  f. Grant such other and further relief as the Court deems just and proper.

## 7. **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

| | |
|---|---|
| Dated: Astoria, New York<br>   August 30, 2024 | SACCO & FILLAS LLP<br><br>By:  */s/ Clifford Tucker*<br>  Clifford Tucker, Esq.,<br>  Oscar Alvarado, Esq.<br>  3119 Newtown Ave, Seventh Floor<br>  Astoria, NY 11102<br>  Tel: 718-269-2243<br>  Fax: 718-559-5617<br>  CTucker@SaccoFillas.com<br>  oalvarado@saccofillas.com<br>  *Attorneys for Plaintiffs* |

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

# LIABILITY FOR SERVICES RENDERED

TO: BENEFIT HOLDINGS LLC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BENEFIT HOLDINGS LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
August 30, 2024

SACCO & FILLAS LLP

By: _____/s/ *Clifford Tucker*_____
Clifford Tucker, Esq.,
Oscar Alvarado, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-559-5617
CTucker@SaccoFillas.com
oalvarado@saccofillas.com
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: ALL DEFENDANTS

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
August 30, 2024

SACCO & FILLAS LLP

By: _____/s/ *Clifford Tucker*_____
Clifford Tucker, Esq.,
Oscar Alvarado, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-559-5617
CTucker@SaccoFillas.com
oalvarado@saccofillas.com
*Attorneys for Plaintiffs*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: _Daniel Choi_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _[signature]_  Date/Fecha: _06/05/2024_